UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAR GROUP INVESTMENTS, LP & | § | |
| JQS INVESTMENTS, LP | § | |
| | § | |
| | § | CASE NO. 7:19-CV-00294 |
| VS. | § | |
| | § | |
| | § | |
| SOMPO INTERNATIONAL | § | |
| INSURANCE | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs JAR Group Investments, LP and JQS Investments, LP (hereinafter called "Plaintiffs") complain of and about Defendant Sompo International Insurance (hereinafter called "Defendant" or "Sompo International"), and for cause of action show unto the Court the following:

### PARTIES

1. JAR Group Investments, LP is a domestic limited partnership in the State of Texas.

2. JQS Investments, LP is a domestic limited partnership in the State of Texas.

3. Defendant Sompo International Insurance is an unincorporated insurance association whose underwriters are all citizens of states other than Texas.

### JURISDICTION

4. Pursuant to 28 U.S.C. §1332, this Court has diversity jurisdiction because the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### VENUE

5. Venue is also proper in this judicial district and division pursuant to 28 U.S.C. §1391(b)(2) because Plaintiffs' insured real property made the basis of this suit is situated in this

1

district and division, and all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## FACTS

6. Plaintiffs are the owners of a Texas Commercial Property Owner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Sompo International.

7. Plaintiffs own the insured properties, which are specifically located 4001-4013 S. Sugar Road, Edinburg, TX 78541, in Hidalgo County (hereinafter referred to as "the Properties").

8. On or about June 20, 2018, a storm struck Hidalgo County, Texas causing damages to homes and businesses throughout the area, including Plaintiffs' properties ("the Storm). Specifically, Plaintiffs' roofs sustained extensive damage during the Storm. Plaintiffs' properties also sustained damages to the architectural finishes of the properties. After the Storm and in compliance with the Policy, Plaintiffs filed a claim with Sompo International for the damages to their properties caused by the Storm.

9. Plaintiffs submitted a claim to Sompo International against the Policy for roof damage and exterior damage caused by the Storm. Plaintiffs asked that Defendant cover the costs of repairs to the Properties pursuant to the Policy.

10. On June 11, 2019, Plaintiffs submitted a demand letter to Defendant, through its counsel, for damages to each of their properties, collectively amounting to $111,178.44, which included interests and attorney's fees. Of that amount, $107,330.10 represent the economic damages found by the estimator on behalf of Plaintiff.

11. After submitting the claim, Defendant assigned an adjuster, Engle Martin & Associates, to evaluate damages to the Properties. At the start of the process, which was on or around December 17, 2018, Defendant's adjuster told Plaintiffs that the damage to their properties

would be fully covered and that Plaintiffs had nothing to worry about. Defendant's adjuster knew this was a false statement when made because, prior to inspecting the properties, adjuster knew that Defendant would not pay any amount for the covered damage. Defendant trains its adjusters to ignore covered damage and/or (depending on the circumstances) to calculate damages so that the total estimated cost of repairs is below a policyholder's deductible. Thus, Defendant's adjuster statement that Plaintiffs' damage to their properties would be fully covered was false when made, completely aware that it was false.

12.    The adjuster assigned by Defendant failed to reasonably perform an investigation into the damages sustained by the Plaintiffs. Specifically, the adjuster spent less than one hour in assessing damages and then determined there was no storm damage to Plaintiffs' properties, and no payment was issued. Much more time would have been needed to conduct an adequate inspection due to the size of Plaintiffs' properties and the extent of the damage Plaintiffs identified. Plaintiffs identified 4 major areas in their properties with damage caused by storm-created openings, which is damage covered by their Commercial Property Owner's Insurance Policy. Those areas include the roof, the exterior, Suite 1, which is comprised of a lobby, two rooms, and a storage room, and Suite 2, which is comprised of a lobby, a hallway, a lounge, and two offices. The roof is severely damaged in the form of extensive cracks, broken pieces of bitumen, a damaged central air conditioning system, which is situated on the roof itself, and significant stains, all of which resulted from storm damage, which is damage covered by Plaintiffs' policy. Similarly, Plaintiffs identified covered damage to the exterior, specifically heavy damage to the plywood due to the storm, which is damage covered by Plaintiffs' policy. Plaintiffs also identified damage in the form of large, water stains on the ceiling of both Suites and damage to the entire insulation of the building, which is damage covered by Plaintiffs' policy. In sum, Defendant's adjuster ignored

all of these aforementioned areas by refusing to conduct an adequate inspection. Defendant trains its adjusters to conduct outcome-oriented inspections in an expeditious fashion.

13. Plaintiffs clearly identified damage on their roof, which itself is 132 square feet. The inspection was done in an outcome-oriented way and in an expeditious fashion, as well. The size of the roof would have necessitated over one and a half hours to do a proper and thorough inspection. Defendant's adjuster spent less than 30 minutes inspecting the roof and ignored several affected areas due to the storm winds, which are damages covered by Plaintiffs' policy.

14. As a result of Engle Martin & Associates's unreasonable investigation, Plaintiffs' claim was improperly adjusted. Defendant's calculation of the covered damage was significantly deficient, as Defendant purposefully ignored areas with covered damage. Because Engle Martin & Associates failed to properly inspect and account for the covered losses, Defendant made no payment at all to Plaintiffs for the extensive damage to their properties. In fact, Defendant trains adjusters to calculate just enough damage so that the total amount of replacement cost value will be less than a policyholder's deductible, regardless of the actual damage present in the subject properties. Such a policy allows Defendant to mandate that policyholders make repairs to their properties out of their own pocket, thereby releasing Defendant of its obligation to make any payment to the policyholder for those repairs.

15. A subsequent estimate of the covered damages revealed that the estimated repairs for Plaintiffs' properties were over $107,000, well above Plaintiffs' deductible. The difference in repair estimates is due directly to Defendant purposefully overlooking covered damages to the roof, the exterior, Suite 1, which is comprised of a lobby, two rooms, and a storage room, and Suite 2, which is comprised of a lobby, a hallway, a lounge, and two offices. Instead, Defendant

attributed the cause for the losses to tree rub damage, in the hope of escaping liability by labeling these as excluded losses from the policy.

16. As a result of Defendant's conduct, Plaintiffs did not receive payment they were entitled to under the Policy for their Storm damages and losses. As previously stated, when Plaintiffs originally purchased the Policy issued by Sompo International, Sompo International's agent represented on behalf of Sompo International that it would always conduct a fair and unbiased investigation of Plaintiffs' claims against the Policy and promptly issue payment to Plaintiffs for all properly covered hailstorm and windstorm damages to the Properties. Sompo International's agent knew this statement was false at the time it was made. Sompo International's agent knew that Sompo International conducted outcome-oriented investigations and purposefully calculated damage estimates below a policyholder's deductible, all to ensure that Defendant would not have to pay policyholders for covered damage. Similarly, Defendant evades responsibility for covered losses by attributing damages to "exclusions" enumerated within that same policy. At no time did Sompo International or any of it agents disclose to the Plaintiffs that, in fact, it would conduct an unreasonable, unfair, and/or biased investigation of the claims that Plaintiffs submitted against the Policy for hailstorm and/or windstorm damages to the Properties and thereby deny Plaintiffs' claim for properly-covered hailstorm and/or windstorm damages to the Properties. The failure to disclose this truth was a material omission by Sompo International's agent. As such, Plaintiffs reasonably relied on Sompo International's misrepresentations and omissions upon purchasing their initial insurance policy, and but for Sompo International's misrepresentations and omissions, Plaintiffs would not have purchased the Policy issued by Sompo International and would have purchased an insurance policy from a different insurer to insure the Properties against storm losses.

17. As indicated in the paragraphs above and below, Sompo International wrongfully adjusted Plaintiffs' claim for damages suffered during the Storm, even though the Policy provided for those losses. Defendant knew that it had conducted an outcome-oriented investigation, had purposefully ignored covered damage, all the time knowing that it was wrongfully refusing to pay for covered damages. Every day that passes without payment to Plaintiffs for the covered damage is another day in which Defendant is purposefully delaying payment because it knows that Plaintiffs have more covered damages than were initially estimated.

18. Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant, through its various agents, wrongfully denied Plaintiffs' claim for covered damages, even though all conditions precedent to recovery upon the Policy had been carried out by the Plaintiffs. Sompo International's conduct constitutes breach of the insurance contract between Sompo International and Plaintiffs.

19. Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner when its adjuster failed to perform a reasonable investigation into Plaintiffs' damages. Specifically, the adjuster spent less than one hour in assessing damages and then determined that the damages were not covered by the policy. All this despite Defendant's actual awareness of its liability to the Plaintiffs under the Policy. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(2)(A).

20. Defendant refused to fully compensate the Plaintiffs under the terms of the Policy for covered losses. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, purposefully ignored covered damage, and purposefully denied Plaintiffs' claim on the properties, all of which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs'

losses on the Properties. This constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a)(7).

21. When Plaintiffs first purchased the Policy from Defendant through its agent, Defendant misrepresented to Plaintiffs that under the Policy, Plaintiffs would be entitled to payment from Sompo International for damages caused by a covered loss, including hailstorm and/or windstorm losses, and that it would conduct an unbiased and reasonable investigation of any claim Plaintiffs timely submitted against the Policy. This was a misrepresentation because the agent knew that Defendant would not pay for such damages, as described above. If Plaintiffs had known that Sompo International was not going to pay for storm damages that were covered under the Policy, Plaintiffs would not have purchased the Policy from Sompo International, and instead would have purchased a different insurance policy insuring their Properties from a different insurer. Defendant made material misrepresentations as to coverage under the Policy upon Plaintiffs purchasing of the Policy that misled Plaintiffs, including untrue statements of material facts and wrongfully concealed material facts necessary to make Sompo International's other representations also misleading, upon which Plaintiffs reasonably relied to their detriment. Sompo International's conduct constitutes a violation of the Texas Insurance Code, Misrepresentation of Insurance Policies. Tex. Ins. Code §§ 541.061(1), (2), (3), and (5), as well as violations of Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Comm. Code §§17.41-.63.

22. Defendant Sompo International failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay by dragging the process of obtaining a decision through months of bitter dispute, when Defendant already knows that Plaintiffs are entitled to coverage under the terms of the policy. Specifically, Defendant has delayed any

payment for Plaintiffs' claim. Sompo International's conduct constitutes a violation of Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code § 542.058.

23. From and after the time Plaintiffs' claim was presented to Defendant, the liability of Sompo International to pay the claim in accordance with the Policy was reasonably clear. However, Sompo International has refused to pay Plaintiffs for the claim, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Sompo International's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24. Defendant knowingly and recklessly made false representations, as described above, as to the material facts and/or knowingly concealed all or part of material information from the Plaintiffs.

25. As a result of Defendant's conduct, Plaintiffs were forced to retain the professional services of an attorney and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

26. Plaintiffs are not making any claims for relief under federal law.

27. Defendant Sompo International is liable to Plaintiffs for intentional breach of contract, DTPA violations, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

28. Defendant Sompo International's conduct constitutes a breach of the insurance contract made between Sompo International and Plaintiffs.

29. Defendant's failure and/or refusal to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with the Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLMENT PRACTICES/PROMPT PAYMENT

30. Defendant Sompo International's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §§ 541.060(a), 541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

31. Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

32. Defendant Sompo International's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim, even though Sompo International's liability under the Policy was reasonably clear, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

33. Defendant Sompo International's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation of the facts or applicable law, for its denial of the claim, constitutes an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

34. Defendant Sompo International's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitute an

unfair method of competition and unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

35. Defendant Sompo International's unfair or deceptive acts and/or practices of misrepresenting the Policy, as described above and otherwise herein, by: (1) making untrue statements of material fact, (2) failing to state material facts necessary to make other statements it made not misleading, (3) making a statement(s) in a manner that would mislead a reasonably prudent person to a false conclusion of material fact, and which in fact misled Plaintiffs to false conclusion of material fact regarding coverage under the Policy, and/or (4) failing to make a disclosure as required by law and/or in accordance with another provision of the Insurance Code, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.061.

36. Defendant Sompo International's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of this claim. Tex. Ins. Code § 542.058.

## DTPA VIOLATIONS

37. Defendant Sompo International's conduct constitutes multiple violations of the DTPA. Tex. Bus. & Comm. Code §§17.41-.63. Plaintiffs are "an individual, a partnership, or a corporation" that sought or acquired goods or services by purchase or lease from Defendant, and therefore qualify as consumers under the DTPA. Tex. Bus. & Comm. Code §17.54(4). Plaintiffs have met all the conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

    a. Defendant's actions, as described in this petition, are unconscionable in that Defendant's actions took advantage of Plaintiffs' lack of knowledge, ability, and

      experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA.

    b. Defendant's conduct, acts, omissions, and failures, and described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

38. The above-described acts, omissions, and failures of the Defendant are a producing cause of Plaintiffs' damages as described in this petition. The above-described acts, omissions, and failures of the Defendant were committed "knowingly" and "intentionally," as those terms are defined by the Texas Deceptive Trade Practices Act.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

39. Defendant Sompo International's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

40. Defendant Sompo International's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

41. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

42. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damages sustained by the Plaintiffs.

43. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim, in direct violation of the laws, as set forth above.

44. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

45. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For "knowing" conduct of the acts described above, Plaintiffs ask for three times their actual damages. Tex. Ins. Code § 541.152.

46. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as ten (10) percent interest per annum on the amount of such damages claimed, together with attorney's fees.

47. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

48. For the prosecution of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

49. Plaintiffs would further show that the acts and omissions of Defendant and its agents, adjusters, employees and/or representatives complained of herein were committed

knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiffs. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiffs request exemplary damages pursuant to 17.50(b)(1) of the Texas Business and Commerce Code and § 541.152(b) of the Tex. Ins. Code.

## JURY DEMANDED

50.     Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, that all causes of action herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgement and post-judgement interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Dated: August 21, 2019

                                        Respectfully submitted,

                                         /s Omar Ochoa
                                        Omar Ochoa

        *Attorney-in-Charge*
S.D. Tex. Bar No. 2081960
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
oochoa@omarochoalaw.com

/s/ Victor Rodriguez
Victor Rodriguez
*Of Counsel*
S.D. Tex. Bar No. 562260
VICTOR RODRIGUEZ LAW FIRM PC
121 N. 10th Street
McAllen, Texas 78501
Telephone: (956) 630-3266
victor@vrodriguezlaw.com